UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV1668-DJS |
| | ) | |
| GARLICH PRINTING COMPANY and | ) | |
| CONCENTRA MEDICAL SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Now before the Court are defendant Concentra Medical Services' motion for summary judgment [Doc. #7], and defendant Garlich Printing Company's motion to dismiss [Doc. #12]. Plaintiff has not filed any opposition to defendants' motions, and the time to do so has expired. Accordingly, both motions are ripe for disposition.

**Background**

On December 6, 2006, plaintiff filed a petition in the Twenty-First Judicial Circuit of Missouri. He alleged employment discrimination pursuant to the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010 et seq., and asserted five claims: (1) disability discrimination; (2) age discrimination; (3) outrageous conduct against Garlich Printing; (4) conspiracy; and (5) outrageous conduct against Concentra Medical. On August 6, 2007, Judge Robert S. Cohen dismissed plaintiff's claims, with prejudice, as time-barred.

On September 26, 2007, plaintiff filed his current complaint. He alleges employment discrimination pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and asserts five claims: (1) disability discrimination; (2) age discrimination; (3) outrageous conduct against Garlich Printing; (4) conspiracy; and (5) outrageous conduct against Concentra Medical.

Defendants have filed dispositive motions with regard to all of plaintiff's current claims, arguing that such claims are barred by the doctrine of res judicata.

**Standard of Review**

**Motion to Dismiss**

In considering a motion to dismiss a complaint for failure to state a claim, the Court must assume all the facts alleged in the complaint are true, and must liberally construe the complaint in the light most favorable to the plaintiff. Schmedding v. Tnemec Co., 187 F.3d 862, 864 (8th Cir. 1999). A motion to dismiss should not be granted unless it appears, beyond a doubt, that the plaintiff can prove no set of facts which would allow relief. Id. Thus, as a practical matter, a dismissal for failure to state a claim should be granted only in a case in which a plaintiff includes allegations that show, on the face of the complaint, some insuperable bar to relief. Id.

**Summary Judgment**

In considering a motion for summary judgment, the Court must "view all of the evidence in the light most favorable to the nonmoving party and [will] give that party the benefit of all reasonable inferences to be drawn from the facts disclosed in the pleadings." Reich v. ConAgra, Inc., 987 F.2d 1357, 1359 (8th Cir. 1993). "Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Id. "Although the moving party has the burden of demonstrating the absence of genuine issues of material fact, the 'nonmoving party may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial.'" Burchett v. Target Corp., 340 F.3d 510, 516 (8th Cir. 2003) (quoting Rose-Maston v. NME Hosps., Inc., 133 F.3d 1104, 1107 (8th Cir. 1998)).

**Discussion**

Defendants' contentions are essentially the same. Defendants state that plaintiff has already sued defendants in Missouri State Court for the claims that are now before this Court, and that plaintiff's state-court claims were dismissed with prejudice as time-barred. Therefore, defendants argue that plaintiff's current claims are barred by res judicata.

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). To determine whether the doctrine of res judicata bars litigation of a claim,

this Court must "examine whether (1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was a final judgment on the merits, and (3) both cases involved the same cause of action and the same parties." Canady v. Allstate Ins. Co., 282 F.3d 1005, 1014 (8th Cir. 2002). Dismissal for failure to comply with the statute of limitations operates as an adjudication on the merits. Fed.R.Civ.P. 41(b); Fansher v. Kassel, 782 F. Supp. 1334, 1336 (E.D. Mo. 1992). See also Lomax v. Sewell, 50 S.W.3d 804, 81 (Mo. App. 2001) ("The dismissal of an action based upon the running 'of the statute of limitations is a final adjudication on the merits for purposes of res judicata.'").

The common allegations, jurisdictional basis, and factual allegations contained in plaintiff's state petition ¶¶1-22 mirror the common allegations, jurisdictional basis, and factual allegations contained in ¶¶1-23 of his current complaint, and the causes of action as asserted in Counts I-V of his state petition are equivalent to those asserted in Counts I-V of his current complaint. The only discernible difference between the two pleadings is that plaintiff brought his state petition pursuant to the MHRA, while he brings his federal complaint pursuant to the ADA, Title VII, and the ADEA. However, since the Missouri court is one of competent jurisdiction, the prior action was dismissed with prejudice and was a final judgment on the merits, and the current case involves the same facts, the same parties, and the same issues (or issues that could have been raised in his state-court action), res judicata precludes plaintiff's current action.

For the above stated reasons,

**IT IS HEREBY ORDERED** that defendant Concentra Medical Services' unopposed motion for summary judgment [Doc. #7] is granted.

**IT IS FURTHER ORDERED** that defendant Garlich Printing Company's unopposed motion to dismiss [Doc. #12] is granted.

Dated this __7th__ day of April, 2008.

                                          /s/Donald J. Stohr
                                          UNITED STATES DISTRICT JUDGE